**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILIO ROSAS-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-1868 |
| | ) | Judge Nora Barry Fischer |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court are Petitioner Emilio Rosas-Perez's Petition for Writ of Habeas Corpus, (Docket No. 1), his Brief in Support, (Docket No. 2), the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 5), and Petitioner's Reply, (Docket No. 10). Petitioner, a native of Mexico, reportedly entered the United States without inspection in 2003 and has lived in the Durham, North Carolina area with family since that time. (Docket Nos. 1; 2). Petitioner asserts that he has no criminal history and does not have a final order of removal. (*Id.*). It appears from the information on the EOIR automated case information website that Petitioner had an individual hearing and he was ordered removed on October 13, 2026. Any appeal to the BIA is due by November 12, 2026.

Petitioner was arrested on July 21, 2026 while working in Erie, Pennsylvania and is detained in immigration custody at the Moshannon Valley Processing Center. (Docket Nos. 1; 2). Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). Respondents concede that the U.S. Court of Appeals for the Third Circuit's decision in *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026)

controls as this is a *Hurtado* or *Q. Li* matter but claim that Petitioner received notice on September 2, 2026 stating that he was detained under § 1226(a) and that he acknowledged receipt of same. (Docket No. 8 at 4-5). They ask that the Petition be dismissed, without prejudice, as Petitioner has failed to exhaust his administrative remedies. (*Id.*). However, if the Court disagrees, they suggest that granting the habeas petition to the extent that it seeks an individualized bond hearing under § 1226(a) in the immigration court would satisfy due process. (Docket No. 8 at 5). In Reply, Petitioner points out that the Notice upon which Respondents rely is marked "Refused" by Petitioner and it appears that the box is checked requesting a bond hearing. (Docket No. 10). In either event, Petitioner continues that he has not been afforded a bond hearing. (*Id.*)

After careful consideration of the parties' positions, the binding authority from the U.S. Court of Appeals for the Third Circuit in *Buele Morcho* and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[1] for the Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[2] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Given the parties' disputes and the fact that it

---

1 *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026); *Lopez Garcia v. Guadian et al.*, No. 25-7044, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

2 *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

is unclear if Petitioner has been provided a bond hearing, the Court will order Respondents to conduct a bond hearing, if he has not yet had one, pursuant to the directives below.

AND NOW, this 19th day of October, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART. Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that, if Petitioner has not yet had a bond hearing, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 within fourteen (14) days of this Order;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing;

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record